CRESTWOOD SCHOOL DISTRICT v. CRESTWOOD
EDUCATION ASSOCIATION.

OPINION OF THE COURT.

1. INJUNCTION—PUBLIC EMPLOYEES—TEACHERS' STRIKES—APPEAL
AND ERROR—REMAND.

Concert of prohibited action by schoolteachers in striking has
not been held by this Supreme Court to be sufficient, alone, to
justify injunctive relief against them under statute barring
strikes by public employees; thus, granting of school district's
complaint for injunctive relief against an education associa-
tion and schoolteachers will, on appeal, be reversed and re-
manded to the circuit court for further proceedings consistent
with the Supreme Court's decisions, but where the strike which
forms the subject matter of the school district's complaint
has been resolved, the circuit court will dismiss the complaint
with prejudice (CL 1948, § 423.201 et seq., as amended by
PA 1965, Nos 379, 397).

DISSENTING OPINION.

DETHMERS and KELLY, JJ.

2. LABOR RELATIONS—MEDIATION OF LABOR DISPUTES—SCHOOL-
TEACHERS.

Public schoolteachers are public employees within the statute
prohibiting strikes by certain public employees, they are sub-
ject to the no-strike provisions, and the courts have jurisdic-
tion to restrain prohibited strikes by public employees (CL
1948, § 423.201, as amended by PA 1965, No 379).

Appeal from Wayne, Moynihan (Joseph A.), J.,
and from Court of Appeals prior to decision.    Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Labor § 507 et seq.
[2] 31 Am Jur, Labor §§ 56, 395.

mitted May 7, 1969. (Calendar No. 15, Docket No. 51,887.) Decided October 6, 1969.

Complaint by Crestwood School District, Wayne County, Michigan, a public corporation, against Crestwood Education Association, a voluntary unincorporated association, Michigan Education Association, a nonprofit corporation, George Trudell and James Wheatley, 2 members of the bargaining committee of Crestwood Education Association, and certain unknown schoolteachers for a preliminary injunctive order or in the alternative an order to show cause why defendants should not be restrained from encouraging a strike, interfering with employees who wished to enter or leave plaintiff's premises, and refusing to comply with the public employment relations act. After hearing, permanent injunctive relief granted plaintiff. Defendants appealed to the Court of Appeals and petitioned this Court for leave to appeal prior to decision of Court of Appeals. Leave granted. Reversed and remanded.

*Levin, Levin, Garvett & Dill* (*Erwin B. Ellmann,* of counsel), for defendants.

PER CURIAM. Crestwood school district has some 180 teachers. Their collective bargaining representative is Crestwood Education Association, an affiliate of Michigan Education Association. The school district filed complaint in the Wayne circuit, alleging that its teachers were public employees, that they had failed to report for work and, accordingly, were "on strike" contrary to the provisions of the Hutchinson act.* Injunctive relief was sought.

---

* PA 1947, No 336 (CL 1948, § 423.201 *et seq.*), as amended by PA 1965, Nos 379, 397 (Stat Ann 1968 Rev § 17.455[1] *et seq.*).

Defendants moved for accelerated judgment of dismissal. Due hearing concluded, the circuit judge dictated an opinion from the bench. The substance of that opinion appears in the following portion of the court's judgment, entered September 26, 1967:

"It is ordered, adjudged and decreed that the named defendants and each of them, and all members, agents and/or representatives of any of the named defendants, and all persons acting in concert with them, or any of them, are hereby permanently restrained and enjoined:

"1. From striking under any guise whatsoever for the purpose of inducing, influencing or coercing a change in the conditions or compensation or the rights, privileges or obligations of employment; and

"2. From encouraging, inducing, or persuading teachers to strike under any guise whatsoever for the purpose of inducing, influencing or coercing a change in the conditions or compensation or the rights, privileges or obligations of employment.

"It is further ordered, adjudged and decreed, that defendants George Trudell, James Wheatley and any other persons who have been or who are actively engaged in contract negotiations with plaintiff or in encouraging any work stoppage, affirmatively counsel and instruct teachers who are members of the defendant association to return to their classrooms forthwith and resume their teaching duties."

In compliance with the judgment some of the school district's teachers returned to work. Most however submitted formal resignations. Defendants filed due claim of appeal and then applied for leave to appeal under GCR 1963, 852. The then pending *Holland School District Case* considered (citation *post*), we granted leave December 12, 1967. The appeal was submitted May 7, 1969 on the only briefs received.

By supplemental brief the appellants have advised the Court:

"Because the injunction entered below cannot stand in the light of the *Holland* decision, appellants sought to obtain a stipulation from plaintiff-appellee for dismissal of the entire proceedings, particularly since the labor dispute which generated this controversy has long since been resolved. Because efforts to obtain such stipulation finally proved unavailing, appellants find it necessary to pursue this appeal and seek reversal of the judgment."

Plaintiff-appellees have filed no brief. The clerk advises that the only counsel appearing of record for any of the plaintiff-appellees has reported that he does not intend "to appear in this matter or to take any part in the appeal proceedings."

The judgment of the circuit court is reversed. The cause will be remanded to that court for further proceedings consistent with the result ordered in the case of *Holland School District* v. *Holland Education Association* (1968), 380 Mich 314. If, as represented by defendant-appellants in their supplemental brief, the strike which forms the subject-matter of the school district's complaint has been resolved, the circuit court will dismiss the plaintiff's complaint with prejudice. Costs on present appeal to defendants.

T. E. BRENNAN, C. J., and BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

DETHMERS, J. (*dissenting*). In *School District for the City of Holland* v. *Holland Education Association* (1968), 380 Mich 314, Mr. Justice KELLY wrote that the Hutchinson act* was constitutional, that the

---

* CL 1948, § 423.201, as amended by PA 1965, No 379.—REPORTER.

teachers involved were public employees subject to
the act's no-strike provisions, and that the courts
have jurisdiction to restrain prohibited strikes by
public employees.   He held that the act had been
violated, that this was properly enjoined, and that
the order of the circuit court for injunction should be
affirmed.    I agreed with Justice KELLY's opinion
then.   I do now.   It applies here.   Accordingly, the
judgment of the circuit court should be affirmed, with
costs to plaintiff.

KELLY, J., concurred with DETHMERS, J.